UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

RELGOLD, LLC,

                Debtor.

Chapter 11
Case No. 19-12318 (shl)

-----------------------------------------------------------X

**AFFIDAVIT OF ERIC KAHAN, ESQ. IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF SPERBER DENEBERG & KAHAN PC AS SPECIAL LANDLORD/TENANT COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO MARCH 1, 2020**

STATE OF NEW YORK      )
                                   ) ss:
COUNTY OF NEW YORK     )

ERIC KAHAN, ESQ. an attorney duly admitted to practice law in the Courts of the State of New York, states the following to be true under the penalties of perjury:

1. I a partner with the law firm of Sperber Deneberg Kahan, P.C. ("SDK") maintaining an office at 48 West 37th Street, New York, New York.

2. I submit this affidavit in support of the application ("Application") of the above-captioned debtor and debtor-in-possession (the "Debtor") pursuant to §327(e) of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), Rules 2014(a) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing the retention of SDK as Special Landlord/Tenant Litigation Counsel to the Debtor. Unless otherwise stated, I am fully familiar with the facts set forth in this affidavit.

3. The Debtor has requested, and I have agreed, subject to Court approval, to represent and advise the Debtor pursuant to § 327(e) of the Bankruptcy Code in connection with landlord/tenant rent collection summary proceedings against the Debtor's tenants.

4. Neither I, nor any associates or paraprofessionals of SDK have any connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

5. Deponent and Deponent's firm neither represent nor hold any interest adverse to the Debtor or the estate with respect to the matters on which such attorneys are to be employed pursuant to § 327(e) of the Bankruptcy Code which would preclude it from acting as special litigation counsel.

6. SDKs shall apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and Orders of this Court.

7. The Attorney's billing rates for this matter are as follows:

Range of hourly rates for legal personnel:

| | |
|---|---|
| Partners | $375 to $425 per hour |
| Associates | $300 to $325 per hour |
| Paralegals | $75 to $95 per hour |

8. SDK did not receive a pre- or post-petition retainer.

9. As special counsel, SDK will be paid for legal services rendered upon application duly filed with this Court pursuant to Bankruptcy Code §330.

10. I know of no reason why SDK cannot act as special counsel to the Debtor, and respectfully request that it be appointed as such, *nunc pro tunc* to March 1, 2020.

                                                                                                                            /s/ Eric Kahan

Sworn to before me this                                                                                                             ERIC KAHAN, ESQ.
16th day of March, 2020

/s/ Jaqueline M. Handel
NOTARY PUBLIC