KIRBY AISNER & CURLEY LLP  
*Attorneys for the Debtor*  
700 Post Road, Suite 237  
Scarsdale, New York 10583  
(914) 401-9500  
Dawn Kirby, Esq.

*Hearing Date: June 3, 2020*  
*Hearing Time: 10:00 a.m.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------X  
In re:

RELGOLD, LLC,

                     Debtor.  
----------------------------------------------------------X

Chapter 11  
Case No. 19-12318 (shl)

### DEBTOR'S MOTION FOR AN ORDER DISMISSING THE CHAPTER 11 CASE PURSUANT TO 11 U.S.C. §1112(b)(1)

**TO:   THE HONORABLE SEAN H. LANE,**  
        **UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtor and debtor-in-possession, Relgold, LLC (the "Debtor"), by its attorneys Kirby Aisner & Curley LLP, as and for its motion for an Order dismissing the Debtor's Chapter 11 case pursuant to §1112(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code"), respectfully represents as follows:

### BACKROUND

1. On July 18, 2019, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

2. The Debtor owns and operates real property located at 1166 First Avenue, New York, NY a.k.a. 400 East 64th Street, New York, NY (the "Property"). The Property was built

in 1910 and contains two commercial stores (a restaurant and a dry cleaner), and sixteen residential apartments (eight 1-bedroom, four 2-bedroom and four 3-bedroom). The Debtor purchased the Property in 1995. At the time it was a 5-story walk up and 2/3 of its current size. The Debtor purchased a vacant lot next door and expanded the building.

3. The Property is valued at $10 million dollars. There is no mortgage.

4. The reason for the Debtor's financial distress was a $4.2 million dollar default judgment (the "Default Judgment") entered in a personal injury action involving an employee of the Debtor's restaurant tenant. The Debtor learned of the lawsuit when its bank account was restrained, likely because the complaint was served on the Debtor's former address. Approximately 20 years ago, the Debtor's address for service changed. The Debtor believed its new address was registered with the NYS Secretary of State, but apparently it was not.

5. The Debtor was duly insured on the date of the alleged accident, but the Debtor's insurance companies declined to defend and provide coverage because the default judgment had already been entered.

6. On July 5, 2019, the Debtor's motion to vacate the default judgment was denied.

7. On July 17, 2019, a Notice of Appeal was duly filed and served.

8. On July 18, 2019, this chapter 11 case was filed.

9. On October 18, 2019, this Court entered an order granting Debtor's motion to lift the automatic stay to permit the Debtor to pursue its appeal.

10. On December 3, 2019, the Default Judgment was vacated by order of the Appellate Division, First Department. Notably, the Appellate Division determined that the tenant, not the Debtor, was obligated to maintain the "nonpublic allegedly dangerous staircase and for obtaining insurance to indemnify [the Debtor] for any liability that arose from the

tenant's negligent acts or omissions".

11.     Since that time, the Debtor's insurance companies have agreed to defend it in the personal injury action and to presumably pay any award(s) to the gentleman who was allegedly injured while employed at the restaurant tenant.

12.     The Clerk of the NYS Supreme Court has not yet officially vacated the Default Judgment, presumably due to a slow down in Court operations due to COVID-19.  The Debtor and its special litigation counsel are confident the vacatur of the Default Judgment will occur shortly after State Court operations are back to a relatively normal pace.

13.     As a result of the foregoing, the Debtor no longer needs to reorganize its affairs and is not in need of the protections of the automatic stay.

## STATUS OF DEBTOR'S CREDITORS

14.     As of the Petition Date, the Debtor's only other creditors consisted of a real estate tax bill which the Debtor had plenty of funds to pay, but was unable to do so because the Default Judgment restrained its bank account.  The Debtor's other prepetition creditors consist of a gas bill ($2,167), electric bill ($150) and a pest control bill ($383)

15.     The Debtor paid all of its postpetition expenses as they became due.

16.     The Debtor intends to file its delinquent Operating Reports before the return date of this Motion.

## BASIS FOR RELIEF SOUGHT

17.     The Court is authorized to dismiss a Chapter 11 case pursuant to §1112(b)(1) of the Bankruptcy Code, which provides that the Court may dismiss a Chapter 11 case provided that the movant establishes "cause".

18.     The Debtor asserts that cause exists and dismissal is appropriate because the Debtor

successfully appealed and vacate the Default Judgment in the amount of $4.2 million dollars that created a judgment lien on its otherwise unencumbered $10 million dollar Property. There is no longer a lien on the Property or the need to restructure the amount of the judgment.

19. The Debtor's insurance companies have agreed to defend the Debtor and to pay any ultimate award to the restaurant/tenant's employee.

20. Remaining in chapter 11 would deplete the Debtor's assets with the continued payment of U.S. Trustee Fees.

21. Accordingly, the Debtor submits that a dismissal is in the best interests of its Estate and the creditors in this case.

## **CONCLUSION**

22. Based upon the foregoing, the Debtor respectfully submits that dismissal is both appropriate and warranted under §1112(b) of the Bankruptcy Code.

23. No prior application for the relief requested herein has been made.

**WHEREFORE,** the Debtor requests that the Court enter an Order dismissing the Debtor's Chapter 11 proceeding, together with such other and further relief as is just and proper.

Dated: Scarsdale, New York
May 12, 2020

KIRBY AISNER & CURLEY LLP
Attorneys for the Debtor
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500

BY: */s/ Dawn Kirby*
Dawn Kirby, Esq.